UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>CAMERON BELL,<br><br>Defendant(s). | Case No. 2:15-CR-54 JCM (CWH)<br><br>ORDER |

Presently before the court is the government's motion for a status conference. (Doc. # 66). *Pro se* defendant Cameron Bell has not filed a response. Mr. Bell did, however, previously make an informal request for a status check in a letter addressed to the undersigned, which has been docketed. (Doc. # 60). For administrative purposes, the court will construe Mr. Bell's request therein as a joinder to the government's motion and address both parties' concerns in this order.

In his letter, Mr. Bell raises a number of concerns he would like the court to address at a status conference: the status of a then pending report and recommendation, as well as the underlying motion to suppress; allegedly missing discovery items; and procedural issues regarding the indictment in the case. (Doc. # 60). The report and recommendation on the motion to suppress has now been ruled on. (*See* doc. # 61). Since the court's receipt of the letter, defendant has filed a motion to compel addressing his discovery concerns and a motion to dismiss the indictment, which addresses his procedural concerns. (*See* doc. ## 58, 69).  Those motions are now before the court on an expedited briefing schedule because the defendant's case is set for trial on the February 8, 2016, trial stack.[1]

---

[1] The court reminds the defendant that his case is not the only criminal matter before this court or on the trial stack for February 8, 2016. Older criminal matters take precedence over newer ones.

**James C. Mahan**
**U.S. District Judge**

In turn, the government argues that a status check is necessary because of the *pro se* defendant's unwillingness to engage with the government's attorney in a productive dialogue about the trial. During the government's last attempt to communicate with the defendant, Mr. Bell resorted to vulgarities, threats, accusations, and otherwise belligerent behavior, ultimately forcing the government's attorney to end the video conference without resolving the defendant's concerns about the case. Nevertheless, the government indicates it is prepared to go to trial on February 8, 2016.

First, defendant's concerns have either been addressed or will be resolved by way of his motions. If the *pro se* defendant will not meet and confer amicably with the government, that is his prerogative. The government is not required to continue to communicate with the defendant beyond serving required documents on the defendant in compliance with the law and the court's orders.

The court will not schedule a status conference to inform a *pro se* defendant, who has rejected representation by a licensed attorney, about the state of the law. As he was told at the previous calendar call, if he wishes to bring a matter before the court, a motion is the appropriate vehicle for doing so. Mr. Bell has, in fact, filed several motions since that time. Those motions are now before the court.

Defendant will have an opportunity to declare to the court whether he is prepared to go to trial at the upcoming calendar call on February 3, 2016, after disposition of those motions. The court reminds Mr. Bell, however, that calendar call is not a hearing on the record, and the court will not hear arguments during it. Any further arguments must be made by motion, which may delay proceedings.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion for a status conference (doc. # 66) be, and the same hereby is, DENIED.

DATED January 22, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -