1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

7   UNITED STATES OF AMERICA,                     )
                                                  )
            Plaintiff,                            )       Case No.  2:15-cr-00054-JCM-CWH
8                                                 )
    vs.                                           )       **REPORT AND**
9                                                 )       **RECOMMENDATION**
    CAMERON BELL,                                 )
10                                                )
            Defendant.                            )
11   _____)

12          This matter is before the court on pro se Defendant Cameron Bell's Motion to Dismiss

13   (ECF No. 58), filed on January 7, 2016.  The Government filed a Response (ECF No. 63) on

14   January 13, 2016, and Bell filed a reply (ECF No. 72) on January 21, 2016.

15                                 **I.  BACKGROUND**

16          Bell is charged with one count of Felon in Possession of a Firearm, in violation of

17   18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Indictment (ECF No. 1).)  Bell moves to dismiss the

18   indictment for a variety of procedural reasons.

19                                  **II.  ANALYSIS**

20          **A.      Indictment and Arraignment**

21          Federal Rule of Criminal Procedure 12(b) provides that "[a]ny defense, objection, or request

22   that the court can determine without a trial on the merits" may be raised by pretrial motion.  A

23   motion to dismiss is generally capable of determination before trial "if it involves questions of law

24   rather than fact."  *See United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United*

25   *States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S.

26   1007 (1986)).

27          Bell first argues that a series of procedural errors require dismissal of the indictment filed in

28   this case: (1) the indictment was returned by an individual (Assistant United States Attorney

1   Alexandra Michael) who is not an officer of the court assigned to the case; (2) the Magistrate Judge

2   (Leen) to whom the indictment was returned was not an officer of the court; (3) Bell was

3   "involuntarily" not present during the grand jury return; (4) the Magistrate Judge to whom the

4   indictment was returned was not the Magistrate Judge (Hoffman) assigned to his case; (5) the

5   indictment was not returned in open court; (6) Bell's arraignment was held before yet another

6   Magistrate Judge (Ferenbach) and Bell was "involuntarily not present for it;" and (8) the indictment

7   was improperly sealed.

8        The indictment in this case was returned by a federal grand jury on February 24, 2015.

9   (Indictment (ECF No. 1).)  The indictment was not sealed.  *Id*.  That indictment was returned

10  before Magistrate Judge Peggy A. Leen (in open court) on the same day by the grand jury

11  foreperson, in the presence of the Government, represented by Assistant United States Attorney

12  ("AUSA") Alexandra Michael.  (Mins. of Proceedings (ECF No. 3).)  The Government obtained an

13  arrest warrant (pursuant to Fed. R. Crim. P. 9) and a writ of habeas corpus *ad prosequendum* in

14  order to secure Bell's presence at the initial appearance and arraignment, which was scheduled for

15  March 5, 2015.[1]  (*See* Order for Writ of Habeas Corpus ad Pros., and Writ of Habeas Corpus ad

16  Pros. (ECF Nos. 5, 6).)

17       Bell provides no basis for the proposition that an indictment is defective because the

18  government is represented by multiple AUSAs, and the court is aware of none.  Nor is there a

19  factual basis for the allegation that the AUSA Michael or Smith are not government counsel.  Bell's

20  motion on this basis is denied.

21       Fed. R. Crim. P. 6(f) requires that an indictment must be returned by the grand jury or its

22  foreperson before a magistrate judge in open court, but not a specific magistrate judge.  Magistrate

23  Judge Leen presided over the return of the indictment in this case.[2]  Bell's motion that the return of

24

25

26  [1]  Bell indicates that he was in custody at the Clark County Detention Center on related state
    charges when the indictment was returned.

27
    [2]  Any magistrate judge may preside when the Grand Jury reports, and accept indictments
28  returned.  *See* LR IB 1-9(d).

1    the indictment by the grand jury to the magistrate judge was faulty, is denied.

2          Although Bell was not present during the return of the indictment against him, he provides

3    no legal or statutory right to support his belief that he must be present during the return of an

4    indictment, and the court is not aware of such a right.  Bell also asserts that the indictment "was

5    returned in open court" on March 5, 2015 by AUSA Smith "and not the grand jury foreperson as

6    required of the Federal Rules of Criminal [P]rocedure …."  (Def.'s Mot. (ECF No. 58) at 7).)   Bell

7    has apparently confused his arraignment on March 5, 2015, a separate proceeding, with the return

8    of the indictment on February 24, 2015.  Bell was arraigned on the indictment on March 5, 2015

9    before Magistrate Judge Ferenbach. (Mins. of Proceedings (ECF No. 8).)  Contrary to  Bell's claim,

10   he was present at his arraignment.  *Id*.  There is no requirement that the arraignment be conducted

11   by the assigned magistrate judge.[3]  In summary, the court finds no basis to dismiss the indictment

12   based upon the process used to procure the indictment or the arraignment proceeding.

13          **B.      Pre-Indictment Delay**

14          Bell argues that the Government purposely delayed in obtaining an indictment against him

15   in order to "gain advantage" and he has suffered prejudice because of the resulting pre-indictment

16   delay, and the indictment should therefore be dismissed.  Bell does not identify the advantage.  Bell

17   argues that documents were not made available to him while he was incarcerated at the county

18   detention center, but he does not identify the documents.  Additionally, Bell indicates that he was

19   not present for the hearing on February 24, 2015.  The government responds that the incident which

20   led to Bell being charged in federal court with being a felon in possession of a firearm occurred on

21   February 3, 2015, and Bell was indicted on February 24, 2015, a brief period of 21 days, and that

22   no prejudice has been shown by Bell.

23          The court must apply a two-prong test in order to determine if pre-indictment delay has

24   violated a defendant's due process rights.  *United States v. Sherlock*, 962 F.2d 1349, 1353–54 (9th

25   Cir. 1989).  Under the first prong, a defendant must prove that he "suffered actual, non-speculative

26   prejudice from the delay."  *Id.* at 1353.  A showing of actual prejudice is required before the second

27

28         [3]  All magistrate judges conduct arraignments.  See LR IB 1-9(c).

1    prong is considered. *United States v. Huntley*, 976 F.2d 1287, 1290–91 (9th Cir. 1992). An

2    allegation of prejudice must be supported by non-speculative proof. *Sherlock*, 962 F.2d at

3    1353–54. Under the second prong, a defendant "must show that the delay, when balanced against

4    the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the

5    base of our civil and political institutions." *Id.* (quotation omitted).

6        Here, Bell has not presented any evidence of actual prejudice to satisfy the first prong. As

7    the court has previously determined, Bell had no right to be present at the grand jury indictment

8    return on February 24, 2015. Bell mistakenly indicates that his "plea was held" on March 6, 2015

9    before the undersigned, but in fact he was arraigned on March 5, 2015 before Judge Ferenbach.

10    (Mins. of Proceedings (ECF No. 8).) Bell provides no basis to support his contention that the

11    Government purposely delayed in obtaining an indictment against him to obtain some kind of

12    tactical advantage, and so he cannot satisfy the second prong. The passing of three weeks without a

13    showing of prejudice is insufficient to support Bell's due process claim.

14        **C.    Signature on the Indictment**

15        Bell argues that the indictment against him has not been properly endorsed by the grand

16    jury foreperson, and that the indictment against him does not have "the grand jury type written

17    name inserted as required for a signature by the grand jury foreman." (Def.'s Mot. (ECF No. 58) at

18    8.)

19        A copy of the indictment which was signed by AUSA Smith pursuant to Fed. R. Crim. P.

20    7(c)(1) and the foreperson of the grand jury was provided in the Government's response. *See*

21    Government Response (ECF No. 63-1) at 3. The court is not aware of a requirement in federal

22    court that an indictment have the typewritten name of the grand jury foreperson on it, and so the

23    court will not dismiss the indictment on this basis.

24        **D.    Transcripts of the Grand Jury Proceedings**

25        Bell argues that he is entitled to transcripts of the grand jury proceedings to see if his

26    indictment was properly "indorsed" and to "avoid injustice in another judicial proceeding" due to

27    "the justice court of the State of Nevada using the Federal Government as a sham to prosecute on

28    the firearm to convict on a [sic] attempted murder charge that has insufficient evidence." (Def.'s

4

1    Mot. (ECF No. 58) at 12.)   The Government responds that Bell has not shown a compelling need

2    for the disclosure, that only one witness testified before the grand jury in this matter, and that

3    witness is not expected to be called as a witness by the Government at trial.[4]

4         A request for disclosure of grand jury transcripts falls within the discretion of the trial court.

5    *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985).  The party seeking the disclosure

6    must show a particularized and compelling need for the disclosure that outweighs the policy of

7    federal grand jury secrecy.  *In re Grand Jury Investigation*, 642 F.2d 1184, 1191 (9th Cir. 1981).

8    The primary reason for Bell's request is to determine whether the indictment has been properly

9    "indorsed," and the record indicates that it has been signed by the foreperson.  (*See* Gov't Resp.

10   (ECF No. 63-1) at 3.)  Bell has not provided a sufficient basis to establish the particularized need

11   required to outweigh the policy of grand jury secrecy.  *See United States v. Ferreboeuf*, 632 F.2d

12   832, 835 (9th Cir. 1980) (stating that unsubstantiated speculative assertions of improprieties do not

13   supply the particular need required to outweigh the policy of grand jury secrecy).

14        **E.       Amendment of the Indictment, and the Sufficiency of the Indictment**

15        Bell argues that the indictment against him has been amended, but he has cited to no change

16   in the language in the indictment which constitutes any kind of amendment.  (Def.'s Mot. (ECF No.

17   58) at 9.)   It appears that Bell believes that because there is an indictment which contains the

18   foreperson's signature, Government Response (ECF No. 63-1) at 3, and an indictment without the

19   signature, Indictment (ECF No. 1), that the indictment has been amended.  Comparison of the two

20   documents reveals no difference in the indicting language.  Bell also argues that there are

21   uncharged facts, for example, the weapon was used in a particular criminal act, which amount to

22   constructive amendment of the indictment. (Def.'s Reply (ECF No. 72) at 5.)  He also argues that

23   the indictment fails to allege that the firearm was used in a shooting and that forensic evidence is

24   insufficient to link him to the weapon.  (Def.'s Mot. (ECF No. 58) at 13.)

25   / / /

26

27
     [4]  The Government notes that the transcript of the witness's testimony is therefore not subject to
28   the requirements of the Jencks Act (18 U.S.C. § 3500 et seq.).

1    The sufficiency of an indictment is judged by "whether the indictment adequately alleges

2  the elements of the offense and fairly informs the defendant of the charge, not whether the

3  Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982), cert.

4  denied, 460 U.S. 1086 (1983).  The indictment itself should be "(1) read as a whole; (2) read to

5  include facts which are necessarily implied; and (3) construed according to common sense." *Id.* at

6  899.  The court's inquiry must end there.  Arguments directed at the merits of the claims must be

7  left for trial.

8    Here, the indictment charges a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in

9  possession of a firearm.  It follows the wording of the statute, alleges that Defendant did knowingly

10  possess a firearm after having been convicted of crimes punishable by imprisonment for a term

11  exceeding one year, and that said possession was in and affected interstate commerce.  The

12  indictment embodies all the elements of the crime, and clearly informs Defendant of the details

13  which form the basis for the accusation so as to enable him to prepare his defense and to plead the

14  judgment in bar of any further prosecutions for the same offense.  *Cooper v. United States*, 282

15  F.2d 527, 531 (9th Cir. 1960).

16    A motion to dismiss the indictment cannot be used as a device for a summary trial of the

17  evidence.  Moreover, when a duly constituted grand jury returns an indictment valid on its face, no

18  independent inquiry may be made to determine the kind of evidence considered by the grand jury in

19  making its decision.  *See Costello v. United States*, 350 U.S. 359, 363 (1956).  The court finds no

20  basis to challenge the authenticity or sufficiency of the indictment.

### III.  RECOMMENDATION

21

22    **IT IS THEREFORE RECOMMENDED** that Defendant Bell's Motion to Dismiss

23  (ECF No. 58) be **DENIED**.

### NOTICE

24

25    This Report and Recommendation is submitted to the United States District Judge assigned

26  to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation

27  may file a written objection supported by points and authorities within fourteen days of being

28  served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 25, 2016.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**