**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No.  2:15-cr-00054-JCM-CWH |
| vs. | ) **REPORT AND** |
| CAMERON BELL, | ) **RECOMMENDATION** |
| Defendant. | ) |

This matter is before the Court on pro se Defendant Cameron Bell's Motion to Dismiss (ECF No. 87), filed on February 8, 2016.  The Government filed a Response (ECF No. 89) on February 16, 2016.  Bell did not file a reply.  Trial is set for April 4, 2016.

## I.  BACKGROUND

Bell is charged by Indictment with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Indict. (ECF No. 1).)   The alleged offense occurred on February 3, 2015, and Bell was indicted on February 24, 2015.  Bell moves to dismiss the indictment because of alleged prosecutorial misconduct.

## II.  ANALYSIS

### A.    Indictment and Arraignment

Federal Rule of Criminal Procedure 12(b) provides that "[a]ny defense, objection, or request that the court can determine without a trial on the merits" may be raised by pretrial motion.  A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact."  *See United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986)).

/ / /

Bell argues that the Transcript of Proceedings (ECF No. 68) of the *Faretta*[1] hearing conducted on December 10, 2015 before the undersigned, *see* Mins. of Proceedings, (ECF No. 54), was modified by the prosecutor, and that the indictment should therefore be dismissed because the modification violated Bell's due process rights.  Bell does not identify how the transcript was modified, however, the Transcript of Proceedings (ECF No. 68) notes "(Main Document 68 replaced on 1/21/2016)(KE). (Entered: 1/19/2016)."  It appears that this replacement is the basis for Bell's motion.

Bell argues that the change in the transcript proves that the indictment against him was amended, and that the amendment was not approved by the grand jury.[2]  As evidence of that amendment, he points to the transcript of the *Faretta* hearing conducted by the undersigned.  At the *Faretta* hearing, while advising Bell of the charge he is facing, the undersigned initially incorrectly identified the date of the offense as May 31, 2014.  Bell immediately noticed and corrected the Court's error, and confirmed that the date of the offense was February 3, 2015, and that Bell was indicted on February 24, 2015.  (*See* Tr. of Proceedings (ECF No. 68) at 4, 5.)

The Government responds that the indictment in this case has not been amended, and no information favorable to Bell was redacted from the transcript.  AUSA Smith indicates that when he noticed errors on the front page of the *Faretta* hearing transcript, he emailed the court transcriber, Kathy Eismann regarding the errors.  *See* Gov't Resp., (ECF No. 89-3).  Specifically, AUSA Smith told Ms. Eismann, by email that on page 1, "Faretta" had been misspelled, and the names of the attorneys appearing for both the Government and the Defendant were incorrect.  *Id*.  These two erroneous items on the first page of the transcript were corrected.  (*See* Tr. of Proceedings (ECF No. 68) at 1; Gov't Resp. (ECF No. 89-2).)

/ / /

---

[1] *Faretta v. Cal*., 422 U.S. 806 (U.S. 1975)

[2] Bell has previously challenged the sufficiency of the indictment against him on the basis that the indictment was improper, and this Court's review of that challenge is pending before the district judge.  *See* Report and Recommendation (ECF No. 76).

2

The Court notes that it is true that "Faretta" is now correctly spelled, and that the list of counsel appearing at the hearing (AUSA Silva for the Government and Mr. Brown for Bell) is now correct and consistent with the Court's Minutes for the December 10, 2015 hearing. (*Compare* Tr. of Proceedings (ECF No. 68) at 1 *with* Mins. of Proceedings (ECF No. 54).)   The replacement is listed in the docket as having been made by the person with initials "KE" which is consistent with the name of Kathy Eismann, the court transcriber, as well as the January 21, 2016 date of AUSA Smith's email.  (Tr. of Proceedings (ECF No. 68).)   Bell provides no other information indicating that the transcript is inaccurate.  Bell provides no basis for the proposition that the indictment is defective or that favorable information has been deleted simply because the transcript of a subsequent court hearing has been corrected to accurately reflect the details of the hearing.  Given the absence of any information indicating that the indictment or the transcript have been modified in any substantive way, Bell's motion is denied. The Court finds no basis to challenge the authenticity or sufficiency of the indictment.

### III.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendant Bell's Motion to Dismiss (ECF No. 87) be **DENIED**.

### NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).


DATED: February 25, 2016.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**