**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,               )<br>                                      )<br>            Plaintiff,                )<br>                                      )<br> vs.                                  )<br>                                      )<br> CAMERON BELL,                         )<br>                                      )<br>            Defendant.                )<br> _____)| Case No.  2:15-cr-00054-JCM-CWH<br><br>**REPORT & RECOMMENDATION** |

This matter is before the Court on pro se Defendant Cameron Bell's Motion to Dismiss (ECF No. 94), filed on March 4, 2016. The Government filed a Response (ECF No. 98) on March 15, 2016. Bell did not file a reply. Trial is set for April 4, 2016.

**I.  BACKGROUND**

Bell is charged by Indictment with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Indict. (ECF No. 1).) Bell moves to dismiss the indictment on a variety of arguments that are discussed below.

**II.  ANALYSIS**

Bell moves to dismiss the indictment because the state prosecution was rejected for insufficient evidence, particularly, that the forensic evidence failed to tie the firearm to Bell, and therefore the federal charges must also be dismissed. Second, Bell argues that the federal court has no subject matter jurisdiction over the offense for which he is charged. Third, Bell argues that the evidence is insufficient to sustain a conviction in this case. Finally, Bell argues that the grand jury was not advised of the forensic tests in this case, and therefore he should not have been indicted.

**A.     State and Federal Cooperation**

Bell argues that the indictment should be dismissed because the state of Nevada did not prosecute this case for lack of evidence, and therefore the federal government similarly may not

prosecute. The government responds that while it is true that Bell was originally charged in state court with felon in possession of a firearm under Nevada law, *see* Nevada Revised Statutes § 202.360, the United States independently instituted a prosecution against Bell for also violating federal law. The crime is both a state and federal offense, and prosecutions under the laws of separate sovereigns are therefore proper.

It is well established that "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." *United States v. Lanza*, 260 U.S. 377, 382 (1922); *see also Heath v. Alabama*, 474 U.S. 82, 88 (1985); *United States v. Traylor*, 978 F.2d 1131, 1132 (9th Cir. 1992). If the laws of both sovereignties are violated, a prosecution by one does not bar prosecution by the other. *United States v. Wheeler*, 435 U.S. 313, 316-17 (1978) (*superseded by statute on other grounds*). Bell was charged by both state and federal authorities with violating the respective laws of those sovereignties. The state's decision to drop the charges against Bell is irrelevant to the federal prosecution. Collaboration between prosecutors on the state and federal levels is the common practice, and is not barred by the Constitution. *United States v. Figueroa-Soto*, 938 F.2d 1015, 1020 (9th Cir. 1991).

**B.     Federal Subject Matter Jurisdiction**

Bell argues that the Government has no subject matter jurisdiction to prosecute under 18 U.S.C. § 922(g) because doing so invades the state's police power to enforce firearms statutes, and is therefore an unconstitutional extension of Congress's power under the Commerce Clause. In *United States v. Latu*, 479 F.3d 1153, 1156 (9th Cir. 2007), the Court explained that it has "repeatedly upheld § 922(g), both facially and as applied, in the face of Commerce Clause challenges." *Id*. (citing *United States v. Hanna*, 55 F.3d 1456, 1461-62 (9th Cir. 1995), as amended (noting that the United States Supreme Court had "concluded that 18 U.S.C. § 1202(a), the predecessor of § 922(g)(1), required only the minimal nexus that the firearm have been, at some time, in interstate commerce," and indicating that Congress sought to reach possessions broadly); *United States v. Davis*, 242 F.3d 1162, 1163 (9th Cir. 2001) (Congress lawfully exercised its authority to regulate interstate commerce when it enacted § 922(g)(1)); and *United States v.*

1  *Rousseau*, 257 F.3d 925, 932-33 (9th Cir. 2001) (finding past connection to interstate commerce
2  sufficient for § 922(g) conviction)).[1]

3       Bell also argues that the United States is only able to obtain jurisdiction in this case if the
4  state officials violated the defendant's constitutional rights.  Bell provides no cogent points and
5  authorities for this argument, but mentions the Rooker-Feldman Doctrine.  Rooker-Feldman
6  generally holds that federal courts other than the Supreme Court should not sit in direct review of
7  state court decisions, absent congressional authority, for example, to grant writs of habeas corpus
8  under 28 U.S.C. § 2254.  Here, there has been no state court decision regarding Bell's prosecution.
9  The Court has subject matter jurisdiction over the indictment.

10 **C.  Sufficiency of the Indictment**

11      Bell argues that because there is no forensic evidence tying him to the firearm, there was no
12 "probable cause to proceed" with an indictment.  Additionally, he argues that false evidence was
13 presented to the grand jury, or the Government failed to present evidence that was relevant.  The
14 Government responds that there is sufficient evidence to proceed against Bell.

15      The sufficiency of an indictment is judged by "whether the indictment adequately alleges
16 the elements of the offense and fairly informs the defendant of the charge, not whether the
17 Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982), cert.
18 denied, 460 U.S. 1086 (1983).  The indictment itself should be "(1) read as a whole; (2) read to
19 include facts which are necessarily implied; and (3) construed according to common sense." *Id.* at
20 899.  Arguments directed at the merits of the claims must be left for trial.  A motion to dismiss the
21 indictment cannot be used as a device for a summary trial of the evidence. *United States v. Jensen*,
22 93 F.3d 667, 669 (9th Cir. 1996).  It is for the jury to decide whether the evidence supports the
23 charge.

---

26    [1] Bell's reliance on *United States v. Bass*, 404 U.S. 336 (1971), is misplaced because *Bass*
27 applied to 18 U.S.C. § 922(g)(1)'s predecessor statute, which has been substantially amended since
   1971.  The statute now specifically forbids a felon from "to possess in or affecting commerce, any
28 firearm . . .," and § 922(g)(1) has been repeatedly held to be constitutional.

Here, the indictment charges a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm. It follows the wording of the statute, alleges that Defendant did knowingly possess a firearm after having been convicted of crimes punishable by imprisonment for a term exceeding one year, and that said possession was in and affected interstate commerce. The indictment embodies all the elements of the crime, and clearly informs Defendant of the details that form the basis for the accusation so as to enable him to prepare his defense and to plead the judgment in bar of any further prosecutions for the same offense. *Cooper v. United States*, 282 F.2d 527, 531 (9th Cir. 1960).

A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. Moreover, when a duly constituted grand jury returns an indictment valid on its face, no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision. *See Costello v. United States*, 350 U.S. 359, 363 (1956). The Court finds no basis to challenge the sufficiency of the indictment.

**D.      Evidence Submitted to the Grand Jury**

Bell argues that the grand jury was provided with hearsay evidence, and that exculpatory evidence was not provided. The Supreme Court has held that a grand jury indictment can be based solely on hearsay. *See Costello*, 350 U.S. at 363. Additionally, the Government is not required to produce before the grand jury all evidence in its possession prior to seeking an indictment. *See, e.g., Loraine v. United States*, 396 F.2d 335, 339 (9th Cir. 1968). The Court finds no basis to dismiss the indictment.

### III.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendant Bell's Motion to Dismiss (ECF No. 94) be **DENIED**.

### NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 22, 2016.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**