UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:15-CR-54 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| CAMERON BELL, | |
| Defendant(s). | |

    Presently before the court are Magistrate Judge Hoffman's reports recommending that the court deny *pro se* defendant Cameron Bell's three motions to dismiss the indictment against him. (Doc. ## 76, 91, and 101). Also before the court is Judge Hoffman's report recommending that the court deny Mr. Bell's motion to remand. (Doc. # 102). Defendant has filed objections to the first report and recommendation. (Doc. # 84). He has not filed objections to the remaining reports and recommendations, and the time for doing so has passed.

    Also before the court is defendant's objections or motion to reconsider Magistrate Judge Hoffman's order denying his motion to compel full discovery. (Doc. # 88). The government filed a response. (Doc. # 90). Defendant has not filed a reply, and the time for doing so has passed.

**I.   Background**

    On February 3, 2015, at or about 11:40 a.m., plain clothes Nevada Parole and Probation Officers Samuel Wright and Stanley Hardin (the "parole officers") were leaving a jail near the Bridger Inn, located at the corner of Main Street and Bridger Avenue in Las Vegas, Nevada. Wright allegedly saw a man shoot a gun in an alley behind the Inn. After reporting the incident, the officers drove towards individuals later identified as defendant Bell and his wife.

    As the officers approached, Mrs. Bell held a duffel bag and Mr. Bell was carrying a pink backpack. The officers made contact with the Bells on the side of Main Street, just south of Bridger

**James C. Mahan**
**U.S. District Judge**

Avenue, and Officer Wright ordered Bell to approach the vehicle. Defendant Bell gave the backpack to Mrs. Bell and took off running.

Initially, Officer Wright remained with Mrs. Bell while Officer Hardin pursued Mr. Bell toward the Golden Gate Casino. After requesting medical assistance for Mrs. Bell, who was bleeding from her face, Officer Wright joined in the chase. Thereafter, defendant Bell was apprehended.

Bell is charged with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. #1). He has filed three motions to dismiss the indictment (doc. ## 58, 87, 94) and a motion to remand. (Doc. # 98). Having reviewed the defendant's motions, the government's responses (doc. ## 63, 89, 98), and Bell's reply (doc. # 72), Judge Hoffman recommends denying all four motions. (Doc. # 27). Mr. Bell filed timely objections to the first report and recommendation pursuant to LR IB 3-2(a). *See* D. NEV. R. 3-2(a); (Doc. # 84). The government filed a response to the objections. (Doc. # 86).

Judge Hoffman also entered an order denying Bell's motion to compel discovery in full. (Doc. # 82). Defendant has filed objections to that order pursuant to LR IB 3-1(a). *See* D. NEV. R. 3-1(a). The government filed a response to the objections. (Doc. # 90).

**II.  Legal Standard**

   *A.  Objections to a report and recommendation*

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. NEV. R. IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations. D. NEV. R. IB 3-2(a). Similarly, Rule IB 3-2(a) provides that a party must file an opposition to any objections within fourteen days after service of the motion. *Id.*

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

   B.   *Motion to reconsider a magistrate judge's final determination*

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CRIM. P. 72(a); D. NEV. R. 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.").

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 629 F.3d 793, 825 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *3 (D. Nev. 2012).

A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

**III.   Discussion**

   A.   *Report and recommendation to deny defendant's first motion to dismiss*

Judge Hoffman's first report and recommendation addresses defendant's motion to dismiss the indictment based on procedural flaws in the grand jury process. (Doc. # 76). Defendant filed objections, which are discussed below.

   **i.   Judge Hoffman's report and recommendation**

Mr. Bell filed a motion to dismiss the indictment. (Doc. # 58). The government filed a response (doc. # 63), and defendant filed a reply. (Doc. # 72). The defendant's motion argues that the indictment should be dismissed for the following reasons: (a) the indictment was returned by an individual—Assistant United States Attorney ("AUSA") Alexandra Michael—who is not assigned to the case and is not an officer of the court; (b) the magistrate judge—Judge Leen—to whom the indictment was returned is not an officer of the court; (c) defendant was excluded from the grand jury return; (d) the magistrate judge to whom the indictment was returned is not the magistrate judge assigned to this case: Judge Hoffman; (e) the indictment was not returned in open court; (f) defendant's arraignment was held before yet another magistrate judge: Judge Ferenbach; (g) the government delayed indictment to gain a strategic advantage over defendant; (h) the grand

jury foreperson did not properly endorse the indictment; (i) the indictment does not include the grand jury foreperson's typewritten name; (j) defendant is entitled to grand jury transcripts and has not been provided with them; (k) the government has improperly amended the indictment against him; (l) the indictment was improperly sealed; and, finally, (m) the evidence against defendant is not sufficient to sustain an indictment for the charge in the indictment.

Judge Hoffman found that Bell's arguments are either legally meritless or factually inaccurate. He therefore recommends denial of Mr. Bell's motion. Having reviewed the record, this court agrees.

The grand jury returned a valid and procedurally sound indictment against defendant, which was not sealed at any time. (*See* doc. # 76 at 1–3). Mr. Bell's arguments regarding different magistrate judges presiding over different proceedings and the role of AUSA Michael are unavailing. There is no requirement that any particular magistrate judge preside over any particular proceeding or a rule that one attorney for the government cannot appear on behalf of another. Similarly, Mr. Bell has no right to be present during the return of his indictment and has provided no authority indicating that he does have that right.

The grand jury indictment (doc. # 1) was returned to Judge Leen in open court and was properly signed—that is, endorsed—by the grand jury foreperson. There are no discrepancies between the redacted version of the indictment filed on the court's docket (doc. # 1) and the slightly-less-redacted version the government provided to defendant (doc. # 63-1) to assuage his concerns that the foreperson did not actually sign the original indictment. The indictment has not been "amended." (*Compare* doc. # 1 (showing a signature block fully redacted) *with* doc. # 63-1 (an otherwise identical indictment showing a signature block partially redacted to demonstrate that the original indictment was in fact signed by hand)).

Bell's contention that the indictment should include the grand jury foreperson's typewritten name has no basis in law known to this court. Additionally, the government's twenty-one day "delay" in convening the grand jury after the alleged conduct charged against defendant did not prejudice him, and he is not entitled to dismissal of the indictment on that ground. *See United States v. Huntley*, 976 F.2d 1287, 1290–91 (9th Cir. 1992).

Defendant is not entitled to transcripts of the grand jury proceeding, and the court will not compel the government to provide them. Bell has not provided a sufficient basis to establish the particularized need required to outweigh the policy of grand jury secrecy. *See United States v.*

James C. Mahan
U.S. District Judge

- 4 -

*Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (holding that unsubstantiated speculative assertions of improprieties, which are what Bell presents here, do not supply the particular need required to outweigh the policy of grand jury secrecy).

Finally, the indictment is sufficient to charge Bell with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The sufficiency of an indictment is judged by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982), cert. denied, 460 U.S. 1086 (1983). The government need not allege its theory of the case or offer supporting evidence. *Id.* The government must allege "only the essential facts necessary to apprise a defendant of the crime charged." *Id.* (quoting *United States v. Markee*, 425 F.2d 1043, 1047–48 (9th Cir.), cert. denied, 454 U.S. 847 (1970)). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Id.* at 899. The court's inquiry must end there. Arguments directed at the merits of the claims must be left for trial.

The indictment follows the wording of §§ 922(g)(1) and 924(a)(2). It properly alleges that Mr. Bell knowingly possessed the firearm after being convicted of a felony, and that the possession was in or affecting interstate commerce. It embodies all the essential elements of the crime, provides defendant notice of both the crimes and conduct charged against him, and enables defendant to plead any conviction under it as a bar to further prosecution for the same conduct. *See Cooper v. United States*, 282 F.2d 527, 531 (9th Cir. 1960).

### ii. Defendant's objections to the report and recommendation

Defendant has objected to Judge Hoffman's report and recommendation. (Doc. # 84). For the most part, he rehashes his previous arguments that the indictment was not properly endorsed by the grand jury foreperson and that the indictment was amended, based on the fact that the copy of the indictment attached to the government's response to his motion to dismiss (*see* doc. # 63-1) contains a signature that was redacted in the version filed on the record. (*See* doc. # 1). As explained above, those arguments are unavailing.

Defendant's objections do raise one new argument in support of his theory that the indictment was amended. He argues that the time stamp on the indictment on the record (doc. # 1) does not match the time stamp on the version submitted with the government's response to the motion. (*See* doc. # 63-1). He is correct that the time stamps do not match.

James C. Mahan
U.S. District Judge

- 5 -

They do not match, however, because the time stamp on the latter document corresponds to when it was filed as an exhibit to a motion, not to when the indictment was filed on the record, and not because it is an amended indictment. In fact, the reproduction of the indictment included as an exhibit also displays the original time stamp in the upper right hand corner, indicating that the indictment was filed on February 24, 2015, consistent with the record. (*See* doc. # 1). The indictment has not been amended, the magistrate judge's recommendation will be adopted in full, and defendant's motion to dismiss the indictment will be denied.

C.   *Report and Recommendation to deny defendant's second motion to dismiss*

Judge Hoffman's second report and recommendation (doc. # 91) addresses defendant's motion to dismiss the indictment based on alleged prosecutorial misconduct. (Doc. # 87). Bell has not filed objections to the report and recommendation, and the time for doing so has passed.

Bell argues that the transcript of his *Faretta* hearing was altered by the prosecutor. He does not explain how he believes the transcript was modified, but Judge Hoffman observed that the docket entry for the transcript (doc. # 68) contains the following court note: "(Main Document 68 replaced on 1/21/2016) (KE)." The government represents that the note refers to changes to the attorney's names and the spelling of *Faretta* on the cover page of the transcript and that the changes were made by the court's reporter at the prosecution's request.

Based on his review of the docket entry and a finding that the transcript does now accurately reflect names of the attorneys that appeared at the *Faretta* hearing, Judge Hoffman found the government's representations credible. Bell provides no further information indicating how the transcript is defective or which favorable information he believes the government deleted or altered. Accordingly, Judge Hoffman recommends denial of the motion to dismiss.

When a party fails to object to a magistrate judge's report and recommendation, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an

James C. Mahan
U.S. District Judge

- 6 -

objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to adopt the magistrate judge's findings in full. Defendant's motion to dismiss the indictment will be denied.

  C.  *Report and recommendation to deny defendant's third motion to dismiss*

Judge Hoffman's third report and recommendation (doc. # 101) addresses defendant's third motion to dismiss the indictment. (Doc. # 94). Bell has not filed objections to the report and recommendation, and the time for doing so has passed.

Bell moves to dismiss the indictment because the state of Nevada's prosecution of defendant for related conduct was dropped because of insufficient evidence. Defendant argues this was because the forensic evidence failed to tie the firearm to him. He argues that the federal charges must therefore also be dismissed. Second, Bell argues that the federal court has no subject matter jurisdiction over the offense for which he is charged. Third, Bell argues that the evidence is insufficient to sustain a conviction in this case. Finally, Bell argues that the grand jury was not advised of the forensic tests in this case, and, that being the case, the indictment process was flawed.

Judge Hoffman considered each of defendant's arguments and found that they were meritless. He therefore recommends denial of the motion. (*See* doc. # 101). When a party fails to object to a magistrate judge's report and recommendation, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. at 149.

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to adopt the magistrate judge's findings in full. Defendant's motion to dismiss the indictment will be denied.

  D.  *Report and recommendation to deny defendant's motion to remand*

Judge Hoffman's fourth report and recommendation (doc. # 102) addresses defendant's motion to remand. (Doc. # 95). Defendant's motion to remand is the same document as his third

motion to dismiss, but because the motion requests two types of relief, *i.e.*, dismissal and remand, the clerk docketed the motion twice. Judge Hoffman addressed every argument in the motion to dismiss or remand, including the jurisdictional arguments that allegedly support remand to state custody, in his third report and recommendation (doc. # 101), as discussed above. He therefore recommends denying the motion to remand.

Having determined that it will adopt the third report and recommendation in full, the court finds that good causes appears to adopt Judge Hoffman's recommendation to deny the motion to remand based on the analysis in the previous report and recommendation. The motion to remand will be denied.

   E. *Defendant's Objections to the court's order denying his motion to compel.*

Mr. Bell believes the government is withholding evidence from him. Nothing in the record indicates that is the case. To the contrary, the government appears to have gone out of its way to ensure that defendant has received all appropriate materials. (*See, e.g.*, doc. # 90 ("Attached as Exhibit 1 is a copy of the FedEx receipt showing that the [g]overnment indeed mailed copies of the transcripts to the [d]efendant on January 28, 2016[,] and that they were delivered on January 29, 2016. Out of an abundance of caution, however, the [g]overnment will send the [d]efendant copies again.")).

Defendant nevertheless filed a motion to compel disclosure of a number of court documents and other items he believes the government possesses and is withholding from him. (Doc. # 69). Judge Hoffman denied each request either because defendant is not legally entitled to the item requested or because the government had already supplied defendant with it. (*See* doc. # 82 at 2–3).

Bell now objects to that order. (Doc. # 88). The magistrate judge denied his requests for his suppression hearing transcript (doc. # 67) and his *Faretta* hearing transcript (doc. # 68) as moot, based on the government's representation that it had already mailed copies of those items to defendant. Defendant claims that he never received them, making the order clearly erroneous.

First, the order was not clearly erroneous. Whether or not defendant ever received the copies, the government did indicate to the court that they had been mailed and did in fact mail them. (*See* doc. ## 75, 90-1). Second, to the extent that defendant is making a new request to have the transcripts provided again because they never actually reached him, that request is denied based

**James C. Mahan**
**U.S. District Judge**

- 8 -

on the government's representation that it has again mailed the transcripts to defendant. (Doc. # 90 at 2). The motion will be denied.

## IV. Conclusion

Having reviewed the magistrate judge's findings and conclusions *de novo*, each of Judge Hoffman's reports and recommendations will be adopted in full. Defendant's three motions to dismiss and motion to remand will be denied. Additionally, his objections or motion to reconsider the magistrate judge's denial of his motion to compel will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Hoffman's report and recommendation (doc. # 76) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that Magistrate Judge Hoffman's report and recommendation (doc. # 91) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that Magistrate Judge Hoffman's report and recommendation (doc. # 101) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that Magistrate Judge Hoffman's report and recommendation (doc. # 102) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that defendant Cameron Bell's motion to dismiss (doc. # 58) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Cameron Bell's motion to dismiss (doc. # 87) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Cameron Bell's motion to dismiss (doc. # 94) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Cameron Bell's motion to remand to state custody (doc. # 95) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Cameron Bell's objections or motion to reconsider a magistrate judge's order (doc. # 88) be, and the same hereby is, DENIED.

DATED April 19, 2016.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE